1 | ROBERT M. YASPAN, SBN 051867
2 | JOSEPH G. McCARTY, SBN 151020
  | DEBRA R. BRAND, SBN 162285
3 | LAW OFFICES OF ROBERT M. YASPAN
  | 21700 Oxnard Street, Suite 1750
4 | Woodland Hills, California 91367
  | Telephone: (818) 905-7711
5 | Facsimile: (818) 501-7711

6 | *[Proposed] General Counsel for Debtor-in-Possession*

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | IN RE: ) Chapter No.: 11
   | )
12 | ) Case No.: 2:19-bk-23823-VZ
   | TBH19 LLC, a Delaware limited liability )
13 | company )
   | ) MOTION OF DEBTOR FOR ORDER TO
14 | Debtor ) BORROW MONEY AND TO GRANT
   | ) ADMINISTRATIVE PRIORITY TO LENDER
15 | ) AS DESCRIBED HEREIN
   | )
16 | ) [DECLARATION OF LEONARD ROSS IN
   | ) SUPPORT THEREOF FILED
17 | ) CONCURRENTLY HEREWITH]
   | )
18 | )
   | ) Date: January 14, 2020
19 | ) Time: 11:00 a.m.
   | ) Place: Courtroom 1368
20 | )        255 E. Temple
   | )        Los Angeles, CA 90012
21 | )
   | )
22 | )
   | )
23 | )
   | )
24 |

25

26

27

28

1

TBH19 LLC, the Debtor and Debtor in Possession in the above-captioned case ("Debtor") hereby files this Motion of Debtor for Order to Borrow Money and to Grant Administrative Priority to Lender as Described Herein (the "Motion") as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.
### THE DEBTOR IS SEEKING TO BORROW UP TO $250,000 FROM LEONARD ROSS WHO IS AN INSIDER OF THE DEBTOR.

**A.    Background**

On November 24, 2019 ("Petition Date"), the Debtor commenced its reorganization case by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Declaration of Leonard Ross ("Ross Dec."), paragraph 2.

The Debtor is continuing in possession of its assets and is operating and managing its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. Ross Dec., paragraph 2.

**B.    Debtor's Property, Creditors, and Business**

It is imperative that the Debtor obtain immediate Court authority to borrow funds in order to avoid immediate and irreparable harm to the Debtor's business. Debtor owns an approximate 40,000 square foot Beverly Hills estate located at 1011 N. Beverly Drive, Beverly Hills, California 90210 (the "Property"). The Property is an estate that was owned by William Randolph Hearst and occupied by him and his paramour, Marion Davies, during the final years of Mr. Hearst's life. Ross Dec., paragraph 3.

The Property is approximately 3.53 acres with original landscaping by the late well-known landscape architect, Paul Thiene. The Property features hand-carved woodwork, two projection rooms, double master suites, four guest suites, quarters for four servants (with a total of 17 bedrooms and 29 bathrooms), a commercial kitchen, an art-deco nightclub, waterfalls,

ponds, a swimming pool, and a separate guest house with full amenities. The Property has a present value of at least $119,000,000 based upon a July 2019 appraisal prepared by the appraiser who had conducted yearly appraisals from 2015 to 2018 for the alleged first trust deed holder on the Property. Ross Dec., paragraph 4.

The Property is rented by Debtor not only to Leonard Ross as a permanent residence but also for rent as a temporary residence to others, and as a venue for special events. In 2018, the accrual gross rental income for the Property was in excess of $3,000,000. Ross Dec., paragraph 5.

Debtor is beneficially owned by Leonard M. Ross, individually and as Trustee of the Leonard M. Ross Revocable Trust (u/d/T 12-20-85) (collectively "Ross"). The manager of Debtor is LMR-TBH, LLC, which is managed by Leonard Ross. Ross has beneficially owned the Property since in or about 1976. In conjunction with some bankruptcies filed by entities he owned, Ross had filed a personal Chapter 11 proceeding in this Court in or about September 2010 which was successfully reorganized. Ross Dec., paragraph 6.

Debtor intends to sell the Property, or refinance the Property, and pay its creditors. Ross Dec., paragraph 7.

Debtor has not presently been able to determine the alleged amounts, the alleged security, and the alleged priority of the alleged secured creditors. Debtor intends to request that the Court determine the validity, amount and priority of the alleged secured claims as this case moves forward. Ross Dec., paragraph 8.

However, for informational purposes, there are three alleged secured claimants who are allegedly secured by the Property. DBD Credit Funding Inc. ("DBD") is allegedly the first claimant in priority with a disputed claim of approximately $47,500,000 in principal as of July 1, 2019 plus a claim of further interest and penalties (the "First"). Glorya Kaufman individually and as Trustee of the Glorya Kaufman Trust (collectively "Kaufman") is the second priority

secured claimant with a disputed outstanding claim of about $1,100,000 plus approximately $3,400,000 already paid by Debtor to Kaufman (the "Second")..  HAR-BD LLC ("HAR") is the third priority secured claimant with a disputed claim of about $19,000,000 plus accrued interest (the "Third").  Ross Dec., paragraph 9.

To protect the equity in the Property, and to pay its bills as they mature in this Chapter 11 case, the Debtor will need to borrow money.  Ross Dec., paragraph 10.

Therefore, Debtor proposes that it be allowed to obtain a line of credit from either administrative lenders or myself in the amount of up to $750,000 on a revolving basis.  The proposed administrative lenders have not yet been identified.  A copy of Debtor's proposed Budget is attached to the Ross Dec. as Exhibit C.  For the most part the Budget provides a positive cash flow other than debt service.  However, Debtor's income can vary significantly seasonally and month to month.  The winter months are generally the lowest income months of the year.  Additionally, there is always the possibility of the need for emergency repairs and maintenance.  As it is a very large house, Debtor contends that it is prudent to have a line of credit in the amount of up to $750,000 to handle such contingencies.  Ross Dec., paragraph 11.

Debtor contends that the value of the Property is at least $119,000,000 and provides more than adequate protection for all of the secured property claims which total about $67 million to $70 million as of July 1, 2019 and, as such, they will not be prejudiced by a $750,000 loan with administrative priority.   The loan will allow Debtor with a reserve to protect the property and pay expenses to allow it to continue to rent the Property for a sufficient time to sell the Property and determine the claims issues.  As a California licensed real estate broker for more than 45 years I am familiar with the value of the Property and the value of real estate in the Beverly Hills area.  It is my opinion that the value of the Property is in excess of $125,000,000 and that value provides more than adequate protection for all of the secured property claims.  Ross Dec., paragraph 12.

4

### C. A Description of the Amounts to Be Borrowed and the Terms Thereof

By this motion Debtor seeks to borrow up to the sum of $750,000 on a revolving basis for the purpose of augmenting the cash position of Debtor, and to deal with the normal vicissitudes of cash flow ("Loan"). Ross Dec., paragraph 13.

Debtor has sought such financing, but its attempts have thus far been unavailing due to the ongoing state court litigations, recorded deeds of trust and notices of default. Thus, Debtor now turns to a private lender(s) who may be an insider(s) for the purpose of augmenting its cash position. I am one of the proposed lenders, individually and as Trustee of the Leonard M. Ross Revocable Trust (u/d/T 12-20-85). Ross Dec., paragraph 14.

Debtor would like the court to authorize the loan on a revolving basis, to be incurred, or paid off, as the cash flow of Debtor dictates and allows. Thus, if Debtor is temporarily in need of $10,000 to pay bills, Debtor would borrow the monies from me, and then repay the Loan, if otherwise advisable, as Debtor's cash balances increase. The terms of the proposed Loan are as follows:

1. Amount to Be Borrowed: Up to $750,000, on a revolving basis, as needed,

2. Interest Rate: 6% per annum, payable, and paid, at the end of each calendar quarter on outstanding balances.

3. Payoff Due Date: Variable, i.e., as funds are available. However, the Loan will become completely due and payable on the occurrence of any of the following events: (a) the conversion of this Chapter 11 proceeding to a proceeding under Chapter 7 of the Bankruptcy Code; (b) the dismissal of the case; (c) the confirmation of a Plan of Reorganization; or (d) the appointment of a Chapter 11 Trustee.

4. Security: None.

5. Priority of repayment: The Loan shall be granted an administrative priority equal to all other "priority one Chapter 11 expenses of administration", provided however, that

Lender's claim will be subject to a "carve out" for (i.e., a priority position subordinate to), the following : (a) aggregate unpaid and allowed fees and costs payable under sections 330 and 331 by the Bankruptcy Code to professionals retained by Debtor, including those incurred by General Counsel to Debtor (the Law Offices of Robert M. Yaspan); and (b) the unpaid fees of the Clerk of the Bankruptcy Court and the United States Trustee pursuant to 28 U.S.C. section 1930(a).

Ross Dec., Paragraph 15.

## II.
## STATEMENT PURSUANT TO LOCAL BANKRUPTCY RULE 4001-2

Attached to the Ross Dec as Exhibit "A" hereto is the proposed Debtor in Possession Certificate that will be issued should the Court approve this Motion ("Certificate"). Ross Dec., paragraph 16. The Certificate does not contain any of the provisions specifically described in Local Bankruptcy Rule 4001-2 as requiring a special notice to the Court. A copy of the Proposed Order is attached to the Ross Dec. as Exhibit D. Ross Dec., paragraph 16.

There are only three known alleged secured creditors listed in Debtor's Schedule D. A copy of Debtor's Schedule "D" (secured creditors) is attached to the Ross Dec. as Exhibit "B". The present amount of total alleged secured claimants is about $67 million to $70 million. Debtor has not presently been able to determine the alleged amounts, the alleged security, or the alleged priority of a number of the alleged creditors. Ross Dec., paragraph 17.

Debtor has filed a motion for cash collateral, and the monies budgeted for the other expenses are already included in the monthly budget. A copy of Debtor's proposed Budget is attached to the Ross Dec. as Exhibit C. Thus, there is no motion herein for "priming" of any prefiling indebtedness. Ross Dec., paragraph 18.

## III.

## **THE COURT SHOULD APPROVE THIS TRANSACTION**

This is a positive transaction for the estate for the following reasons: Debtor will have additional working capital with which to make sure the Property is properly maintained and is able to generate rental income. Second, the interest rate is an extremely favorable one fr Debtor given Debtor's status as a Debtor in Possession. Ross Dec., paragraph 19.

Debtor, in the reasonable exercise of its business judgment, recommends that the transaction, as described herein, be approved. Ross Dec., paragraph 20.

Debtor is well able to afford the monthly payments of the new financing because Debtor's anticipated gross income is well above the cost of the financing requested herein. In 2018, the gross rent income for the Property was in excess of $3,000,000. Ross Dec., paragraph 21.

That the Court has the power to authorize this loan is not much in doubt. Section 364(b) of the Bankruptcy Code provides that a debtor may borrow money in the regular course of business without notice and a hearing and section 364(b) provides that a debtor may borrow money outside of the regular course of business upon notice and a hearing. Here, all of the creditors and other interested parties have been given notice as required by the Court. Such notice has been given as is evidenced by the Declaration Regarding Service filed prior to the hearing.

Debtor's reasonable exercise of its business judgment should be allowed by the Court. See *In re Ames Department Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990). Here, Debtor has been able to obtain unsecured (albeit, priority) financing that will enable Debtor to continue to conduct its business, thereby helping to preserve assets of the estate on terms that are fair, reasonable and adequate. Such a transaction should be allowed. See 3 Collier on Bankruptcy

Section 364.04[01] (15th ed. Rev. 2007), citing *In re Crouse Group, Inc.*, 71 B.R. 544 (Bankr. E.D. Pa.), aff'd 75 B.R. 553 (E.D. Pa. 1987).

Debtor respectfully submits that it has exercised sound business judgment in determining that a post-petition credit is appropriate and has satisfied the legal prerequisites to incur debt under the Loan. The terms of the Loan are fair and reasonable and are in the best interests of Debtor's estate. Ross Dec., paragraph 26.

## IV.
## RELIEF REQUESTED

By this Motion, pursuant to the sections 105, 362, 363 and 364 of the Bankruptcy Code, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 4001-2, of the Local Rules for the United States Bankruptcy Court for the Central District of California (the "Local Rules"), the Debtor respectfully seeks:

A. Under Bankruptcy Code Sections 364(c), (d) and (e), authority to obtain post-petition financing of up to $250,000 on a revolving basis which will come in the form of a loan from Leonard Ross, individually and as trustee of the Leonard M. Ross Revocable Trust dated 12/20/1985 who is an insider.

B. Under Bankruptcy Code sections 363 and 364, Debtor has authority to use the proceeds of the Loan to make payments for priority expenses; provide liquidity to the bankruptcy estate; and pay other necessary expenses of the bankruptcy estate. Debtor expects to provide a full recovery to his creditors through Debtor's business and the sale of the Property.

C. Liens. The Lender is hereby granted a priority administrative claim under Section 507(b) of the Bankruptcy Code (the "507(b) Claim") in the full amount allowable under Section 507(b) and the Bankruptcy Code, subject only to payments to the U.S. Trustee for fees, and fees for professionals.

8

## V.
## THE BUSINESS JUDGMENT STANDARD

Debtor has determined, in the exercise of its sound business judgment, that it requires such post-petition financing to meet the ongoing expenses of the bankruptcy estate and that the proposed terms of this Motion will reasonably address the Debtor's financing requirements and constitute the best alternative available under the circumstances. Debtor has attempted to obtain financing without success. Ross Dec., paragraph 25.

As described above, the Loan provides the only alternative available under the circumstances presented by this Chapter 11 case. Bankruptcy courts routinely defer to a debtor's business judgment on most business decisions, including the decision to borrow money, unless such is arbitrary and capricious. See, In re Trans World Airlines, Inc., 163 B.R. 964, 974 (Bankr. D. Del 1994) (noting that the interim loan, receivables facility and asset-based facility were approved because they "reflect[ed] sound and prudent business judgment on the part of TWA . . . [were] reasonable under the circumstances and in the best interest of TWA and its creditors") cf. Group of Inst. Investors v. Chicago Mil. St. P. & Pac. Ry., 318 U.S. 523, 550 (1943) (holding that decisions regarding the rejection or assumption of a lease is left to the business judgment of the debtor). In fact, "[m]ore exacting scrutiny would slow the administration of the Debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." Richmond Leasing Co. v. Capital Bank, N.A., 762 F2d 1303, 1311 (5th Cir. 1985).

Debtor respectfully submits that it has exercised sound business judgment in determining that a post-petition credit is appropriate and has satisfied the legal prerequisites to incur debt under the Loan. The terms of the Loan are fair and reasonable and are in the best interests of Debtor's estate. Ross Dec., paragraph 26. Accordingly, the Court should grant the Debtor

authority to enter into the Loan and obtain funds from Leonard Ross on the unsecured administrative priority basis described above, pursuant to section 364(a) and (b) of the Bankruptcy Code.

## VI.
## THE DEBTOR'S NEED FOR POST-PETITION FINANCING

It is essential that the Debtor obtain post-petition financing as contemplated in this Motion. Debtor needs to pay its expenses; make payments for priority expenses; provide liquidity to the bankruptcy estate; and pay other necessary expenses of the bankruptcy estate. If Debtor is unable to pay its obligations and administrative expenses, its bankruptcy could be dismissed or converted to Chapter 7. As a result, Debtor's creditors could be deprived of an opportunity for recovery. Ross Dec., paragraph 27.

Without access to the post-petition financing, Debtor would suffer immediate, substantial and irreparable harm, which will threaten the ability to successfully preserve its assets and meet its obligations under the law. By contrast, once the Loan is approved, the Debtor will be able to continue its operations and maximize the return to the estate. Ross Dec., paragraph 28.

Debtor's need for access to the Loan, therefore, is urgent. In addition, because the Debtor lacks sufficient funds to meet certain imminent expenses, it is essential that Debtor obtain financing under the Loan.

## VII.
## GOOD FAITH

The terms and conditions of the Loan are fair and reasonable. Entry of an Order approving financing is in the best interest of Debtor, its creditors, and its estate since it will use the funds to pay obligations; make payments for priority expenses; provide liquidity to the bankruptcy estate; and pay other necessary expenses of the bankruptcy estate. Ross Dec., paragraph 30. Therefore, the Loan should be accorded the benefits of section 364(e) of the

Bankruptcy Code to the extent any or all of the provisions of the Loan, or any interim or final order of this Court pertaining thereto, are hereafter modified, vacated, stayed or terminated by subsequent order of this or any other court.

## VIII.
## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter the Order, granting the relief requested herein; and grant such other and further relief to the Debtor as the Court may deem proper.

Dated: December 24, 2019    LAW OFFICES OF ROBERT M. YASPAN

By_____
ROBERT M. YASPAN
[Proposed] Attorneys for Debtor-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21700 Oxnard Street, Suite 1750, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): MOTION OF DEBTOR FOR ORDER TO BORROW MONEY AND TO GRANT ADMINISTRATIVE PRIORITY TO LENDER AS DESCRIBED HEREIN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 24, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **James Andrew Hinds**   jhinds@jhindslaw.com, mduran@jhindslaw.com
- **Daniel A Lev**   dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
- **Kelly L Morrison**   kelly.l.morrison@usdoj.gov
- **Samuel A Newman**   sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **David B Shemano**   dshemano@shemanolaw.com
- **Jonathan Seligmann Shenson**   jshenson@shensonlawgroup.com
- **Rachel M Sposato**   rsposato@jhindslaw.com, mduran@jhindslaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Genevieve G Weiner**   gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Robert M Yaspan**   court@yaspanlaw.com, tmenachian@yaspanlaw.com

**2. SERVED BY UNITED STATES MAIL**:
On December 24, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 24, 2019 | Tatyana Menachian | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                     **F 9013-3.1.PROOF.SERVICE**

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
255 E. Temple Street, Suite 1360 /
Courtroom 1368
Los Angeles, CA 90012

Kelly L Morrison
Office of the United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

Employment Development Department
Bankruptcy Group
MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

State Board of Equalization
Account Information Group, MIC: 29
P.O. Box 942879
Sacramento, CA 94279-0029

Franchise Tax Board
Bankruptcy Section MS A340
P.O. Box 2952
Sacramento, CA 95812

Advanced Computers and Graphics
918 W. Glenoaks Blvd.
Glendale, CA 91202

Amy P. Lally
1999 Avenue of the Stars, 17th Flr
Los Angeles, CA 90013

Arendt & Medenarch SA
41A Avenue JF Kennedy L-2082
Luxembourg

Chimney Hill Properties Ltd
1013 North Beverly Drive
Beverly Hills, CA 90210

City of Beverly Hills
PO Box 845806
Los Angeles, CA 90084

David B. Shemano
1801 Century Part East, Suite 1600
Los Angeles, CA 90067

DBD Credit Funding LLC
1345 Avenue of the Americas
46th Floor
New York, NY 10105

Glorya Kaufman
c/o Harvey Bookstein
11766 Wilshire Blvd 9th Floor
Los Angeles, CA 90025

Gustavo Francisco Reynoso
2237 W. Francisquito Ave
West Covina, CA 91790

HAR-BD LLC
c/o Armanino LLP
11766 Wilshire Blvd, 9th Floor
Los Angeles, CA 90025

James Andrew Hinds Jr.
Hinds & Shankman LLP
21257 Hawthorne Blvd 2nd Floor
Torrance, CA 90503

Law Office of David Giles
10440 N. Central Expressway
Dallas, TX 75231

Leonard M. Ross
PO Box 10539
Beverly Hills, CA 90213

Luan K. Phan
1901 Avenue of the Stars, Ste 277
Los Angeles, CA 90067

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054

Spectrum
PO Box 60074
City of Industry, CA 91716

Michael D. Murphy
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212

Merri Jean Ross
9530 Hidden Valley Road
Beverly Hills, CA 90210

Martin N. Burton
2026 Hilldale Drive
La Canada Flintridge, CA 91011

Summer Saad
17010 Wst Sunset Apt 23
Pacific Palisades, CA 90272

*Request for Special Notice*
Samuel A. Newman
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

Robert Meylan
444 S. Flower Street, Ste 1850
Los Angeles, CA 90071

Rossco Holdings Inc
PO Box 10539
Beverly Hills, CA 90213

Southern California Edison
PO Box 300
Glendale, CA 91202

Smuggler Inc
823 Seward St Unit B
Los Angeles, CA 90038

| | | |
|---|---|---|
| Steven G Wood<br>1821 North Zaragoza Road,<br>Suite 207627<br>El Paso, TX 79936 | <u>*Request for Special Notice*</u><br>Genevieve G. Weiner<br>Sidley Austin LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, CA 90013 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia PA 19101 |
| Jorge Mendez<br>4111 Broadway<br>Huntington Park, CA 90255 | Jose Perez<br>10925 Noble Avenue<br>Mission Hills, CA 91345 | Justino Medina<br>230 W. Regent St<br>Inglewood, CA 90301 |