Samuel A. Newman (SBN 217042)
sam.newman@sidley.com
Genevieve G. Weiner (SBN 254272)
gweiner@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: 213.896.6000
Facsimile: 213.896.6600

Attorneys for Creditor,
DBD Credit Funding LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TBH19, LLC, a Delaware limited liability company,<br><br>           Debtor. | Case No. 2:19-bk-23823-VZ<br><br>Chapter 11<br><br>Assigned to: The Hon. Vincent P. Zurzolo<br><br>**CREDITOR DBD CREDIT FUNDING LLC'S (I) OBJECTION TO DEBTOR TBH19 LLC'S MOTION FOR ORDER TO BORROW MONEY AND GRANT ADMINISTRATIVE PRIORITY TO LENDER AND (II) JOINDER IN UNITED STATES TRUSTEE'S LIMITED OPPOSITION TO DEBTOR'S MOTION FOR ORDER TO BORROW MONEY AND TO GRANT ADMINISTRATIVE PRIORITY TO LENDER**<br><br>**Related to Docket No.:** 111<br><br>Date: January 14, 2020<br>Time: 11:00 a.m. PST<br>Place: 255 East Temple Street, Crtrm. 1368<br>Los Angeles, CA 90012 |

DBD Credit Funding LLC, a secured creditor in the above-captioned case ("DBD") hereby files this Objection to Debtor TBH19 LLC's ("TBH19" or "Debtor") *Motion for Order to Borrow Money and Grant Administrative Priority to Lender* (the "Motion") and states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

Debtor's Motion should be denied because, on its face, it shows the proposed borrowings are utterly unnecessary to preserve the estate. Debtor fails to identify either how much money is to be borrowed or what any borrowings are to be spent on. Taken on its face, the Debtor's budget suggests that all necessary expenses are able to be funded out of expected revenues. Given this admission, the Debtor advances no rational basis to borrow any money at this time.

The Motion can be denied without prejudice and the Court should only approve future borrowings at such time as the Debtor proves with competent evidence that borrowings are needed to fund the actual, necessary costs and expenses of preserving the estate as required by 11 U.S.C. § 364(b). In addition to the bases for its opposition provided herein, DBD also joins in the *United States Trustee's Limited Opposition to Debtor's Motion for Order to Borrow Money and to Grant Administrative Priority to Lender* (the "UST Opposition") [D.I. 119].

**I.    The Motion Does not Specify the Amount to be Borrowed**

As a preliminary issue, the Motion cannot be granted because Debtor fails to specify the amount to be borrowed. Pursuant to Section 364 of the Bankruptcy Code, the Debtor's proposed borrowing is subject to the standard set forth in 11 U.S.C. § 503(b)(1) which allows for "the ***actual***, necessary costs and expenses of preserving the estate" 11 U.SC. § 503(b)(1)(A) (emphasis added). While Debtor's proposed order references the amount to be borrowed as $250,000,[1] the body of the Motion contains multiple references to borrowing $750,000. Further, references to the Debtor's budget suggest that no borrowing is actually necessary to preserve the estate. The Court should deny this borrowing without prejudice until the Debtor specifies how much money is to be borrowed—which information is essential for the Court to properly evaluate whether the legal standard is met.

---

[1] *Declaration of Leonard Ross in Support of Debtor's Motion for Order Authorizing Debtor to Borrow Money* [D.I. 112], Exh. D.

1

**II.  The Motion Fails to Disclose the Actual Terms of the Proposed Borrowing**

The Motion fails to disclose even the most basic terms of the proposed borrowing — including who the lender will be.  In particular, the Motion admits that the Debtor's insiders (potentially including Mr. Ross) will be funding sources for the proposed borrowing, making the full disclosure of the terms even more important.  The Debtor proposes that it "be allowed to obtain a line of credit from either administrative lenders or [Mr. Ross]."  Motion at p. 4.  The Motion further states that "[t]he proposed administrative lenders have not yet been identified" but that "Debtor now turns to a private lender(s) who may be an insider(s) for the purpose of augmenting its cash position."  Motion at p. 4-5.

In order demonstrate the proposed borrowing meets the requirements of 11 U.S.C. § 503(b)(1), the Debtor should be required to disclose the ***actual lender***, including whether or not such lender is an insider. "[T]he court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest." *In re Ames Dept. Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990).  Clearly, Mr. Ross, the Debtor's manager, principal purported source of income and now lender is positioned to leverage the bankruptcy process to his advantage.  For example, since assuming the Debtor's pleadings are accurate, the Debtor's right to collect rent from Mr. Ross is a principal asset of the estate, were Mr. Ross to advance funds as a loan rather than pay rent, he would substantially alter his positon in the case at the expense of other participants.  Given these inherent conflicts, full disclosure of the terms of the proposed relationships is essential.

In addition to the crucial fact of who the lender is, the Motion also fails to specify other basic terms of the borrowing and is otherwise vague.  As pointed out in the UST Opposition, the Motion refers to both quarterly (page 5) and monthly (page 7) debt service payments and includes the bald assertion that "Debtor is well able to afford the monthly payments of the new financing" yet fails to detail what those payments will be.  Motion at p. 7.  Also as discussed in the UST Opposition, certain of the budget line items seem inconsistent (e.g. security services are both an expense and revenue item) and lack adequate information for the Court and creditors to assess whether they cover

actual expenses of the estate.

### III. Debtor Has Not Demonstrated that the Proposed Borrowing is Required to Cover Necessary Expenses to Preserve the Estate

Pursuant to section 364(b) of the Bankruptcy Code, a debtor in possession may seek to obtain financing outside the ordinary course of its business, (i) after notice and a hearing and (ii) to the extent allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code. Section 503(b)(1) in turn requires that any expenses be "the actual, necessary costs and expenses of preserving the estate". 11 U.S.C. 503(b)(1)(A). The Debtor has failed to show that the proposed borrowing sought in the Motion is necessary for the preservation of the estate. Instead the Debtor makes baseless assertions that "there is always the *possibility* of the need for emergency repairs and maintenance. As [the Property] is a very large house, Debtor contends that it is *prudent* to have a line of credit in the amount of up to $750,000 to handle such contingencies." Motion at p. 4 (emphasis added). The Debtor should not be allowed to burden the estate with a $750,000 administrative priority claim on the *possibility* that certain expenses arise and its desire to be *prudent*—and certainly should not be permitted to replace Mr. Ross's obligations to the estate with an administrative priority loan.

Moreover, if HAR-BD has been making Debtor's debt payments for the last year, DBD does not understand how Debtor still does not have enough money to pay expenses. Taking the Debtor's proposed budget at face value, it appears the Debtor does not need to borrow *any* funds—let alone $750,000. The Budget attached as Exhibit C to the Ross Declaration forecasts revenues through March of approximately $1.88 million while expenses during this same time period are only $203,128, including bankruptcy administration costs. The Motion should be denied until the Debtor provides competent evidence detailing the specific costs and expenses necessary to maintain the Property until it can be sold. Nothing more should be an administrative expense of the estate.

Also, to the extent that the Debtor can demonstrate any necessity—which DBD again disputes—such necessity is entirely the result of Ross' self-dealing transactions with the Debtor. Namely, and as pointed out in the UST Opposition, Ross unilaterally determined to reduce the rent

he pays to the Debtor from $3,000,000 to $1,250,000.[2] While even this reduced rent amount appears to be more than adequate to cover the necessary costs of maintaining the Property, the $3,000,000 Ross was originally contracted to pay would clearly be sufficient based on the Debtor's own budgeted line items. It is laughable—and clearly self-dealing—for the Debtor to suggest that the proposed financing, which burdens the estate with administrative costs including interest, is in the best interest of creditors where the rent the Debtor's principal is contracted to pay should be more than sufficient to cover all necessary expenses. The Motion is merely the Debtor's ill-disguised attempt to allow Ross to shirk his duties to the estate and instead transmute his contractual obligation to pay rent into an administrative claim on which he earns interest. This is further evidence of the need for an independent fiduciary in this case and the Court should deny the Debtor's Motion.

## IV. Debtor Has Not Assured Against Leakage to Insiders

Debtor's Manager Leonard Ross is involved in many related insider entities. As stated in prior pleadings and at the hearing on the Debtor's initial motion to borrow, Debtor's proposed budget appears to obscure payments to entities that are insiders as defined in 11 U.S.C. 101(31). Particularly, the budget lists multiple fees and costs which Debtor's counsel was unable to represent to the Court did not reflect payments to insiders, including "independent contractors," "security services," and an "independent manager fee." Debtor's Motion should be denied without prejudice until the Debtor provide full transparency into who is getting the money and assures against leakage to any insider entities.

/ / /

/ / /

/ / /

---

[2] DBD believes this purported lease is either completely made up, or avoidable as a fraudulent transfer, and in any event, violates numerous of Ross' and the Debtor's representations and obligations under its financing documents. Unless Ross is to admit these allegations, however, he should not be able to shirk the obligations he alleges have been put on him and burden the estate with administrative priority borrowings instead.

## **CONCLUSION & REQUEST FOR RELIEF**

DBD respectfully requests that this Court deny the Debtor's Motion for the reasons stated herein.

DATED: December 31, 2019                Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/Samuel A. Newman*
    Samuel A. Newman
    Genevieve G. Weiner

Attorneys for Creditor
DBD Credit Funding LLC

ACTIVE 252476877v.2

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, CA 90013

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR DBD CREDIT FUNDING LLC'S (I) OBJECTION TO DEBTOR TBH19 LLC'S MOTION FOR ORDER TO BORROW MONEY AND GRANT ADMINISTRATIVE PRIORITY TO LENDER AND (II) JOINDER IN UNITED STATES TRUSTEE'S LIMITED OPPOSITION TO DEBTOR'S MOTION FOR ORDER TO BORROW MONEY AND TO GRANT ADMINISTRATIVE PRIORITY TO LENDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 31, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On December 31, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 31, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/31/2019 | Pamela Santos | /s/Pamela Santos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

ACTIVE 251467009

## **SERVICE LIST**

| Via ECF Notice | |
|---|---|
| James Andrew Hinds | jhinds@jhindslaw.com, mduran@jhindslaw.com |
| Daviel A. Lev | dlev@sulmeyerlaw.com, asolokowski@sulmeyerlaw.com, dlev@inforuptcy.com, dwalker@sulmeyerlaw.com |
| Kelly L. Morrison | kelly.l.morrison@usdoj.gov |
| David B. Shemano | dshemano@shemanolaw.com |
| Jonathan S. Shenson | jshenson@shensonlawgroup.com |
| Rachel M. Sposato | rsposato@jhindslaw.com, mduran@jhindslaw.com |
| United States Trustee | ustpregion16.la.ecf@usdoj.gov |
| Robert M. Yaspan | court@yaspanlaw.com, tmenachian@yaspanlaw.com |

| Via U.S. First Class Mail | |
|---|---|
| Advanced Computers and Graphics<br>918 W. Glenoaks Blvd.<br>Glendale, CA 91202 | Leonard M. Ross<br>PO Box 10539<br>Beverly Hills, CA 90213 |
| Arendt & Medenarch SA<br>41A Avenue JF Kennedy L-2082<br>Luxembourg | Michael D. Murphy<br>9401 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212 |
| Chimney Hill Properties Ltd<br>1013 North Beverly Drive<br>Beverly Hills, CA 90210 | Martin N. Burton<br>2026 Hilldale Drive<br>La Canada Flintridge, CA 91011 |
| City of Beverly Hills<br>P.O. Box 845806<br>Los Angeles, CA 90084 | Summer Saad<br>17010 West Sunset Apt 23<br>Pacific Palisades, CA 90272 |
| Debtor:<br>TBH19, LLC<br>269 S. Beverly Drive, Suite 1075<br>Los Angeles, CA 90212 | Robert Meylan<br>444 S. Flower Street, Ste 1850<br>Los Angeles, CA 90071 |
| Employment Development<br>Department Bankruptcy Group<br>MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | Law Office of David Giles<br>10440 N. Central Expressway<br>Dallas, TX 75231 |
| Franchise Tax Board<br>Bankruptcy Section MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812 | Luan K. Phan<br>1901 Avenue of the Stars, Ste. 277<br>Los Angeles, CA 90067 |

| | |
|---|---|
| Glorya Kaufman<br>c/o Harvey Bookstein<br>11766 Wilshire Blvd, 9th Floor<br>Los Angeles, CA 90025 | Spectrum<br>PO Box 60074<br>City of Industry, CA 91716 |
| Gustavo Francisco Reynoso<br>2237 W. Francisquito Ave<br>West Covina, CA 91790 | Smuggler Inc.<br>823 Seward St. Unit B<br>Los Angeles, CA 90038 |
| HAR-BD LLC<br>c/o Armanino LLP<br>11766 Wilshire Blvd, 9th Floor<br>Los Angeles, CA 90025 | Merri Jean Ross<br>9530 Hidden Valley Road<br>Beverly Hills, CA 90210 |
| Jorge Mendez<br>4111 Broadway<br>Huntington Park, CA 90255 | Rossco Holdings Inc.<br>P.O. Box 10539<br>Beverly Hills, CA 90213 |
| Justino Medina<br>230 W. Regent Street<br>Ingelwood, CA 90301 | Jose Perez<br>10925 Noble Avenue<br>Mission Hills, CA 91345 |
| State Board of Equalization<br>Account Information Group, MIC: 29<br>P.O. Box 942879<br>Sacramento, CA 94279-0029 | Los Angeles County Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054 |
| Steven A. Woods<br>701 Brazoa Street Ste. 1500<br>Austin , TX 78701 | Southern California Edison<br>P.O. Box 300<br>Glendale, CA 91202 |
| Via Messenger | |
| The Hon. Vincent P. Zurzolo<br>United States Bankruptcy Court<br>Central District of California - Chambers Copy<br>255 E. Temple Street, Suite 1360 / Courtroom 1368<br>Los Angeles, CA 90012 | Kelly L. Morrison, Esq.<br>Office of the United States Trustee<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, CA 90017 |
| Robert M. Yaspan, Esq.<br>Joseph G.McCarty, Esq.<br>Debra R. Brand<br>Law Offices of Robert M. Yaspan<br>21700 Oxnard Street, Suite 1750<br>Woodland Hills, CA 91367 | |